```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GILBERT M. GOLDMAN, JR.                    CIVIL ACTION

VERSUS                                     NO: 03-0759

HARTFORD LIFE AND ACCIDENT                 SECTION "R" (5)
INSURANCE COMPANY
```

### ORDER AND REASONS

Plaintiff Gilbert Goldman moves for reconsideration of the Court's February 23, 2006 order denying his motion for summary judgment. For the following reasons, the Court DENIES Goldman's motion.

### I.  BACKGROUND

Gilbert Goldman is a former employee of Baroid, a division of the Halliburton Company. On March 23, 2001, Goldman was while he worked as a mud engineer on an offshore drilling rig. At the time of the accident, Goldman was covered under the Halliburton long-term disability plan. Defendant Hartford Life and Accident Insurance Company insures the plan and also makes benefits determinations under the plan. Goldman commenced this action, the latest in a series of disputes with Hartford concerning his

claim for disability benefits under the plan, by filing a complaint in this Court on September 22, 2005. Goldman alleged that Hartford had failed to issue a decision on his administrative appeal of Hartford's July 20, 2005 determination that Goldman was not entitled to disability benefits after September 19, 2003, and that the evidence in the record before Hartford established his entitlement to benefits.

On February 23, 2006, the Court denied Goldman's motion for summary judgment. The Court determined that although Hartford had failed to decide Goldman's July 20, 2005 administrative appeal, Hartford's decision to deny Goldman's claim was nonetheless subject to review only for abuse of discretion. The Court then found that Goldman had not satisfied his summary judgment burden of establishing that there were no issues of material fact as to whether Hartford had abused its discretion in denying his claim for benefits beyond September 19, 2003. Specifically, the Court found that the record contained ample evidence to support Hartford's decision to deny Goldman's claim for benefits.

On March 3, 2006, Goldman moved for reconsideration of the Court's February 23, 2006 order. Goldman argues that reconsideration is appropriate because: (i) the Court erred in its factual determination that Hartford's July 20, 2005 decision to deny him benefits after September 19, 2003 was not an abuse of

discretion; and (ii) Hartford's failure to render a decision on his administrative appeal of the July 20, 2005 decision should estop Hartford from denying his claim.

## II. DISCUSSION

Although Hartford characterizes Goldman's motion as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), Rule 59(e) is not technically applicable because no final judgment has been issued in this case. *See, e.g., Nieves-Luciano v. Hernandez-Torres*, 397 F.3d 1, 4 (1st Cir. 2005) ("Rule 59(e) does not apply to motions for reconsideration of interlocutory orders . . . ."); *Phillpott v. Anco Insulations Inc.*, Civ. A. No. 94-4193, 1996 WL 393265, at *1 (E.D. La. July 12, 1996). *But see Owens v. Global Santa Fe Drilling*, No. Civ.A. 04-0702, 2005 WL 2036881, at *1 (E.D. La. July 25, 2005) (motion for reconsideration before final judgment appropriately considered as motion under Rule 59(e)). Goldman's motion is more appropriately considered as a motion for reconsideration under the Court's inherent power to reconsider or modify its interlocutory orders. *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 356 (5th Cir. 1989). Nevertheless, the Court will apply the standards governing Rule 59(e) motions to Goldman's motion for reconsideration. *See Martinez v. Bohls Equip. Co.*,

3

No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (W.D. Tex. July 18, 2005) ("Rule 59(e)'s legal standards are . . . applied to motions for reconsideration of interlocutory orders.").

A district court has considerable discretion to grant or to deny a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

Goldman first argues that the Court erred when it found that Hartford did not abuse its discretion in denying Goldman benefits

after September 19, 2003.  In its February 23, 2006 order, the Court noted that Goldman's argument that he was entitled to benefits rested primarily on the statements of Dr. John McCain, who opined on a number of occasions that Goldman was totally disabled.  As the Court explained, however, the administrative record showed that Dr. Barry Turner, who reviewed Goldman's medical records in connection with his claim, took Dr. McCain's assessments into account in formulating his opinion that Goldman could perform light duty work.  The administrative record also showed that Dr. Turner spoke by telephone with Dr. McCain and that Dr. McCain agreed that Goldman was capable of light duty work.  (*See* Admin. Rec. at H-1642, H-1705-H-1706, H-1708-H-1709).  On the basis of this evidence, the Court concluded that Hartford had not abused its discretion in finding that Goldman was not disabled under the plan after September 19, 2003.

    Goldman has not provided any new evidence to support his motion for reconsideration.  Rather, Goldman has simply catalogued various statements (which were already in the administrative record) by Dr. McCain concerning Goldman's condition in order to show that Dr. McCain's findings establish that Goldman is entitled to continued benefits.  But Goldman still fails to meaningfully address the evidence that Dr. McCain told Dr. Turner "that he would go along with the functional

capacity evaluation recommendation in August of 2002 that [Goldman] was capable of essentially light duty work." (*See* Admin. Rec. at H-1642). In the absence of anything to suggest that Dr. McCain did not, in fact, state that he agreed that Goldman was capable of light duty work, Goldman has failed to establish that reconsideration is appropriate.

Goldman also argues that Hartford should be estopped from denying his claim because it failed to render a decision on his administrative appeal of its July 20, 2005 decision. As the Court noted in its February 23, 2006 order, however, an administrator's failure to comply with the procedures mandated by ERISA generally does not give rise to a substantive remedy. *See* Rec. Doc. 179, at 16 n.3; *Hines v. Mass. Mut. Life Ins. Co.*, 43 F.3d 207, 211 (5th Cir. 1995) (noting that ERISA procedural violation "does not give rise to a substantive damage remedy" unless "the violations are continuous and amount to substantive harm"); *Miles v. AIG Life Ins. Co.*, No. Civ.A. 04-1432, 2005 WL 1038668, at *8 (E.D. La. Apr. 22, 2005) ("Procedural violations of ERISA do not entitle the plan beneficiary to a substantive remedy of benefits."). An administrator's mere failure to decide an administrative appeal is certainly not the type of procedural violation that would ordinarily cause substantive harm, given that 29 C.F.R. § 2560.503-1(l) expressly states that a claimant

is deemed to have exhausted his administrative remedies if the plan administrator fails to decide a claim within the time permitted under the regulations.  *See* 29 C.F.R. § 2560.503-1(l) ("In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act . . . ."). Moreover, Goldman has made nothing even approaching a showing of substantive harm as a result of Hartford's failure to decide his appeal.  This argument is also therefore insufficient to warrant reconsideration.

### III. CONCLUSION

For the reasons stated above, the Court DENIES Goldman's motion for reconsideration.

New Orleans, Louisiana, this 30th day of March, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE